# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### 3:12-cv-209-RJC

| | |
|---|---|
| FREDERICK L. CANADY, ) | |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| OFFICER JOHNSON, et al., ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on an initial review of Plaintiff's Complaint filed under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A(a), the "court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." Following this initial review, the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . fails to state a claim for relief." Id. § 1915A(b)(1). For the reasons that follow, Plaintiff's Complaint will be dismissed for failure to state a claim.

I.  **BACKGROUND**

In his Complaint Plaintiff alleges the following:

On 2-10-12 Officer Johnson was "wiping" his nose with the back of the gloves that he had on [while] serving [] breakfast to us, and on 2-12-12 he was [handling] our trays with no gloves on [while] the other officers [were] wearing gloves . . . this was at dinner time 4:15. The other three had this brought to [their] attention and refused to do anything about it. So I am holding them accountable for this Officer [Johnson's] actions, and also other staff that was working [when] this officer brought it to [their] attention as well, and he still keep serving our food.

(Doc. No. 1 at 4).

In his request for relief, Plaintiff argues that justice should be "brought to the four above

1

defendants in this claim." (Id.). In a document entitled "Affidavit" Plaintiff avers that "policy [states] that all [employees] and [inmates] should wear gloves as well as hair nets when serving food." (Id. at 6). Plaintiff attaches a response he received during his participation in the North Carolina Department of Corrections grievance process.[1] The response states as follows:

> Your grievance dated 2/12/12 has been reviewed; Officers will follow policy when serving trays. The food trays are covered and are given to you that way. Staff does not have to wear hairnets due to the food trays being covered. No further action is needed.

(Id. at 7).

For the reasons that follow, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

## II. LEGAL STANDARD

Section 1983 provides a remedy where a person acting under color of state law deprives someone of a right secured by federal law. Section 1983 applies to violations of federal constitutional rights, as well as certain limited federal statutory rights. See Maine v. Thibotout, 448 U.S. 1 (1980); see also Gonzaga University v. Doe, 536 U.S. 273, 283 (2002) (holding that a right must be "unambiguously conferred" by a statute to support a Section 1983 claim); Golden State Transit Corp. v. Los Angeles, 493 U.S. 103, 107-08, n.4 (1989) ("A claim based on a statutory violation is enforceable under § 1983 only when the statute creates 'rights, privileges, or immunities' in the particular plaintiff ."). A pro se complaint in a proceeding in forma pauperis must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege

---

[1] Pursuant to North Carolina Session Laws 2011-145, s. 19.1(h) and (I), effective January 1, 2012, the Department of Correction is the "Division of Adult Correction of the Department of Public Safety."

facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.3d 387 (4th Cir.1990).

In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). It is not necessary that Plaintiff allege exhaustive, "detailed factual allegations," but [Rule 8] demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (citing Twombly, 550 U.S. at 555).

## III.  DISCUSSION

Plaintiff's allegations, taken as true at this stage of review, simply fail to support a claim which could entitle him to any relief in this Section 1983 action. Plaintiff alleges three incidents as grounds for relief. First, Defendant Johnson wiped his nose on the back of his gloves while participating in food service. Second, two days after this incident, Defendant Johnson allegedly failed to wear gloves during food service. (Id. at 4). Finally, as the third incident, Plaintiff alleges the remaining Defendants failed to take action to discipline Defendant Johnson after Plaintiff complained.

Plaintiff's claim, although not specified, would arise under the Eighth Amendment as a challenge to his conditions of confinement. In order to state a proper claim for relief, Plaintiff must show that the Defendants, as prison officials, were (1) deliberately indifferent to a substantial risk of harm to Plaintiff, and (2) that the Defendants each knew of the risk of harm and failed to act to correct or avert future harm. Short v. Smoot, 436 F.3d 422, 427-28 (4th Cir.

3

2006) (citing <u>Farmer v. Brennan</u>, 511 U.S. 825 (1994)). The Eighth Amendment requires the custodian to serve prisoners "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." <u>Ramos v. Lamm</u>, 639 F.2d 559, 571 (10th Cir. 1980).

Plaintiff does nothing more than present himself as a witness to these alleged events, and he fails to allege that he suffered any harm as result of the alleged events. At best, Plaintiff's Complaint appears to be an attempt to sound off regarding his displeasure during two days of food service in February, but Plaintiff fails to alleged that he even received a "tainted" tray. <u>See</u> <u>LeMaire v. Maass</u>, 12 F.3d 1444, 1456 (9th Cir. 1993) ("[t]he fact that food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation."). For the reasons stated herein, Plaintiff's Complaint is dismissed.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED** for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

Signed: June 25, 2012

Robert J. Conrad, Jr.
Chief United States District Judge